**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MICAH A. SOLOMON,                       :
                                         :    Civil Action No. 11-1269 (JBS)
            Petitioner,      :

            v.               :    **OPINION**

WARDEN, FCI FAIRTON,                    :

            Respondent.      :


**APPEARANCES:**

Micah A. Solomon                    Karen Helene Shelton
60595-066                           Office of the U.S. Attorney
FCI Fairton                         402 East State Street
P.O. Box 420                        Trenton, NJ 08608
Fairton, NJ 08320
Petitioner pro se


**SIMANDLE,** Chief Judge

        Petitioner Micah A. Solomon, a prisoner currently confined

at the Federal Correctional Institution at Fairton, New Jersey,

has submitted a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241[1] challenging the results of a prison

disciplinary proceeding. Warden, FCI Fairton is named as the sole

_____

        [1] Section 2241 provides in relevant part:

        (a) Writs of habeas corpus may be granted by the ...
        the district courts ... within their respective
        jurisdictions ...
        (c) The writ of habeas corpus shall not extend to a
        prisoner unless-- ... (3) He is in custody in violation
        of the Constitution or laws or treaties of the United
        States ... .

respondent.

Petitioner has paid the $5.00 filing fee.  Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

I.  BACKGROUND

Petitioner is currently incarcerated at FCI Fairton, however, the alleged events described in the Petition occurred while Petitioner was incarcerated at FCI Fort Dix.  Petitioner challenges a disciplinary proceeding for which he received sanctions related to a violation of Code 108, Possession of a Hazardous Tool, namely a cell phone.  Petitioner, along with two other inmates, worked as an orderly in the receiving and discharge ("R & D") area at FCI Fort Dix where the cell phone was found.  The phone was located in a cell used by the orderlies as a work area which was locked by prison staff.  No other inmates had access to the area.

The Incident Report, number 1717087, stated:

On April 1, 2008, at approximately 3:30pm, I was conducting shakedowns in the R&D area on the West Compound. During the search, I found 9 bags of tobacco, 90 packets of rolling papers, 200 vitamin weight supplements, 10 packets of matches, 1 virgin mobile cellular phone, 1 cellular charger, 1 cellular ear piece.  These items were located specifically in the inmate orderly supply area.  This area is not accessible to any other inmates being processes(sic) through the R&D area without staff supervision.  Inmate Micah Solomon, register number 60595-066 is assigned to R&D as an orderly and has access to this area.

2

See, Moran Decl., Ex. 3, Incident Report, Part I.

While Petitioner acknowledges that he was one of the few inmates with access to the R & D area and does not argue due process violations in regard to the disciplinary proceeding itself, he argues that there was insufficient evidence to find that he had constructive possession of the cell phone since the R & D area was ultimately under the control of prison staff. Petitioner contends that he was not in possession of the contraband since he had previously reported its existence.

Petitioner seeks to have the incident report expunged, good time credits restored, and to receive credit for the time spent in disciplinary segregation.

## II.  LEGAL STANDARD

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.   ANALYSIS

A.   Jurisdiction

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  Accordingly, this Court has jurisdiction to hear Petitioner's challenge to disciplinary sanctions.

B.   Petitioner's Claims

Petitioner alleges that the finding at the disciplinary hearing -- that he had constructive possession of a hazardous tool -- was not supported by sufficient evidence.

4

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971).  Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed. ...  In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application."  Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources: the Due Process Clause itself or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a sanction,[2] the prisoner is entitled to an impartial disciplinary

---

[2] The Constitution itself does not guarantee good time credits for satisfactory behavior in prison.  Congress, however, has provided that federal prisoners serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive

tribunal, <u>Wolff</u>, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body," <u>Meyers v. Alldredge</u>, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and presented documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action.  <u>Wolff</u>, 418 U.S. at 564-66. Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings.  <u>Id.</u> at 569-70.

Finally, due process requires that findings of a prison disciplinary official that result in the loss of good time credits must be supported by "some evidence" in the record. <u>Superintendent, Massachusetts Correctional Institution at Wolpole</u>

---

credit toward the service of their sentence based upon their conduct.  <u>See</u> 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20.

v. Hill, 472 U.S. 445, 454-56 (1985).[3]  The United States Court of Appeals for the Third Circuit has held that the Hill standard is minimal, and does not require detailed examination of the evidence.  Santiago v. Nash, 224 Fed. App'x 175, 177 (3d Cir. 2007) (citations omitted).  Even in the absence of direct evidence, the "some evidence" standard may be satisfied by the doctrine of constructive possession in instances where a only small number of inmates could be guilty of the offense charged.  See id.

Petitioner contends that the "some evidence" standard has not been satisfied because there was no evidence that he actually possessed the contraband or exercised or attempted to exercise dominion and control of the contraband.  Petitioner cites to United States v. Jenkins, 90 F. 3d 814 (3d Cir. 1996), for the proposition that he cannot be found guilty of possession of contraband without evidence that he had knowledge of the contraband and he exercised dominion and control over the contraband.

Petitioner's reliance on Jenkins is misplaced since Jenkins involved a criminal conviction for drug possession and Petitioner

_____

[3] The due process requirements of Wolff, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10 et seq.  See, e.g., 28 C.F.R. § 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (Procedures before the Discipline Hearing Officer).

was not convicted of a crime involving possession, but a prison disciplinary charge.  The standard of proof in a criminal case is "beyond a reasonable doubt," and the constitutionally required standard of proof in a prison disciplinary hearing is merely "some evidence" of possession.  "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact."  Hill, 472 U.S. at 455-56.

Here, Petitioner has not alleged any facts that would indicate that the disciplinary hearings and resulting sanctions were contrary in any way to the requirements set forth by the Wolff standard.  With respect to Petitioner's challenges to the sufficiency of the evidence, the findings of are supported by "some evidence."  The fact is undisputed that the cell phone was found in Petitioner's work area, where Petitioner admittedly was one of only three inmates with access, thus providing "some evidence" that Petitioner possessed the cell phone.  Petitioner has not pointed to any case law that would support his theory that a work area, with restricted to access by only three inmates, would be distinguishable here.  As such, Petitioner was not deprived of due process in connection with the challenged disciplinary proceeding and thus the Court will deny his Petition.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.


                                        **s/ Jerome B. Simandle**
                                        Jerome B. Simandle
                                        Chief Judge

Dated:  **January 30, 2012**

9